IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARIA B.,[1] | Case No. 1:20-cv-01418-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[2] | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

This matter comes before the Court on Maria B.'s ("Plaintiff") motion pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for reimbursement of attorney's fees she incurred in litigating this case. The Commissioner of the Social Security Administration ("Commissioner") asks the Court to reduce Plaintiff's requested EAJA fee award by ten percent, arguing that it "is unreasonable under the circumstances of this particular Social Security case."

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

[2] Kilolo Kijakazi became the acting Commissioner of the Social Security Administration on or about July 9, 2021 and is substituted for Andrew Saul as the defendant. *See* FED. R. CIV. P. 25(d)(1).

PAGE 1 – OPINION AND ORDER

(Def.'s Resp. at 2.) For the reasons explained below, the Court grants Plaintiff's motion for EAJA fees, and awards Plaintiff EAJA fees in the amount of $8,234.87 and $400.00 in costs.[3]

## BACKGROUND

Plaintiff applied for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. She alleged that she was disabled due to spinal stenosis, degenerative arthritis of the spine, chronic pain, nerve impingement, bilateral hip bursitis, and fibromatosis. An Administrative Law Judge ("ALJ") found that Plaintiff had the residual functional capacity ("RFC") to perform a modified version of light work, and could perform her past work as a nurse officer. As a result, the ALJ determined that Plaintiff was not disabled and denied her DIB application.

Plaintiff timely appealed to federal court. On appeal, Plaintiff argued that the ALJ erred by failing to provide legally sufficient reasons for discounting medical opinion evidence, Plaintiff's symptom testimony, and lay witness testimony. Plaintiff also argued that if the improperly discredited evidence were credited as true, the ALJ would be required to find Plaintiff disabled on remand. After the Commissioner reviewed Plaintiff's brief and assignments of error, the parties filed a stipulated motion to remand this case for further administrative proceedings.

The Court entered an Order for Remand on July 9, 2021, and entered judgment on July 12, 2021.

///

---

[3] The Commissioner does not dispute that Plaintiff is entitled to her $400.00 filing fee. (*See* Def.'s Resp. at 2, stating that the award should include "$400.00 in costs for filing fees"); *Berardo v. U.S. Citizenship & Immigr. Servs.*, No. 19-01796-SB, 2021 WL 228890, at *1 (D. Or. Jan. 22, 2021) ("Court filing fees in the amount of $400 are reasonable and properly awarded under the EAJA.") (citation omitted).

PAGE 2 – OPINION AND ORDER

**DISCUSSION**

"The EAJA provides for the award of attorney's fees to a party that prevails against the United States in a proceeding for review of an agency action, unless the court finds 'that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (quoting 28 U.S.C. § 2412(d)(1)(A)). The Commissioner acknowledges that Plaintiff was the prevailing party, and that the agency's position was not substantially justified. (*See* Def.'s Resp. at 2 n.1, the Commissioner "concedes that Plaintiff is the prevailing party under the EAJA and does not raise the issue of substantial justification"). The Commissioner, however, argues that the Court should reduce Plaintiff's fees by ten percent given the "common features" of this case, "counsel's recycled briefing," and "counsel's familiarity with the record[.]" (Def.'s Resp. at 2.) (bold omitted).

Courts apply the "lodestar" method to determine a reasonable EAJA fee award. *See Costa*, 690 F.3d at 1135. "To calculate the lodestar amount, the [district] court multiplies 'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'"[4] *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In assessing the number of hours reasonably spent on the litigation, courts must keep in mind that "counsel for the prevailing party should exercise 'billing judgment' to 'exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary' as a lawyer in private practice would do." *Id.* (quoting *Hensley*, 461 U.S. at 434). Although "courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case[,]' . . . [a] court can impose a reduction of up to 10 percent—a 'haircut'—based purely on the exercise of its

---

[4] The Commissioner does not challenge the reasonableness of the requested hourly rates. (Def.'s Resp. at 2 n.1.)

PAGE 3 – OPINION AND ORDER

discretion and without more specific explanation." *Id.* (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)).

A fee award reduction is not warranted here. First, the Commissioner argues that Plaintiff's briefing is "largely" recycled, citing (1) the opening briefs in *Bowen v. Commissioner of Social Security*, No. 6:20-cv-01156-AA, ECF No. 20 at 2-3, 5-6, 13-14, 19-21, and *Moser Berkhemer v. Commissioner of Social Security*, No. 6:20-cv-01378-JR, ECF No. 15 at 1-3, 5-7, 10-11, 14-16, as comparators; and (2) the district court's decision in *Harwell v. Berryhill*, No. 16-cv-08151, 2018 WL 339928, at *2 (C.D. Cal. Jan. 9, 2018), in support.[5] The *Bowen* and *Moser Berkhemer* briefs reflect that Plaintiff's counsel reused boilerplate legal standards, which is a common practice in Social Security cases which often turn on case-specific facts. *See Costa*, 690 F.3d at 1134 n.1 (explaining that Social Security cases are "often highly fact-intensive"). The briefs also fail to reflect that Plaintiff's briefing was recycled, as it focused primarily on case-specific facts and arguments. Thus, *Harwell* is distinguishable and fails to support the Commissioner's position. *See Harwell*, 2018 WL 339928, at *2 (noting that the plaintiff's briefing was "largely recycled form prior cases" and "largely copied and pasted," and included a four-page argument that was "almost entirely copied and pasted verbatim").

Second, the Commissioner argues that a fee reduction is warranted because attorney Katie Taylor ("Taylor"), who represented Plaintiff at the administrative level and primarily communicated with Plaintiff on appeal (*see* Suppl. Decl. of Katherine Eitenmiller ("Suppl. Eitenmiller Decl.") Ex. C at 1-3, ECF No. 23-1), was "keenly aware of the chronology" of

---

[5] The Court may take judicial notice of court filings in the public record on its own motion and has done so here. *See Blyden v. Navient Corp.*, No. 14-cv-02456, 2016 WL 6601658, at *1 n.4 (C.D. Cal. Feb. 16, 2016) ("[T]he Court takes judicial notice of these documents on its own motion as they are court filings in the public record and are related to the matter before the Court.") (simplified).

Plaintiff's complaints and records, which "should have resulted in some efficiency" in lead counsel Katherine Eitenmiller's ("Eitenmiller") "record review and brief writing." (Def.'s Resp. at 6.) The Commissioner argues that the failure to "utiliz[e]" Taylor's familiarity resulted in a "duplication of effort." (Def.'s Resp. at 6.) The Court disagrees.

      The Commissioner relies on *Lang v. Saul*, No. 1:18-cv-01605, 2020 WL 4339496, at *4 (E.D. Cal. July 28, 2020), in arguing that the Court should impose a fee reduction based on duplicated efforts. In *Lang*, the district court reduced a fee award by "1.1 hour[s] of attorney time," noting that there was "no explanation why [an opening brief] reviewed and edited by senior counsel at the law firm required another attorney to implement those edits and yet another attorney to review the document prior to its filing." *Id.* There is no evidence of similar conduct or billing practices here. Furthermore, there is nothing improper about Eitenmiller's law firm utilizing a different lawyer on appeal, and as the appellate lawyer, Eitenmiller was entitled to familiarize herself with the record evidence and potential assignments of error regardless of Taylor's familiarity with the case.

      Finally, the Commissioner argues that a fee reduction is warranted because the issues presented regarding Plaintiff's symptom testimony, lay witness testimony, and medical opinion evidence were "not unusual or complex," and because Plaintiff's counsel spent "close to 25 hours" reading, annotating, and summarizing the 934-page transcript and drafting, editing, and revising the 22-page opening brief. (Def.'s Resp. at 4.) In support of this argument, the Commissioner notes that "[a]lthough there might be some differences between district courts, another . . . court has recently found that the average Social Security record is around 1,534 pages and that the average time spen[t] on opening briefs . . . is 17.9 hours." (Def.'s Resp. at 3) (citation omitted).

PAGE 5 – OPINION AND ORDER

The Court is not persuaded by the Commissioner's arguments. As Plaintiff correctly notes, the Commissioner has previously represented that the average administrative record in this district is much shorter than 1,534 pages. *See Kenneth A. v. Berryhill*, No. 3:17-cv-01575-JR, 2019 WL 377613, at *5 (D. Or. Jan. 30, 2019) ("The Commissioner asserts that in the District of Oregon, the length of an administrative record in a social security case is around 463 to 605 pages."). More importantly, however, generally referring to the issues as "not unusual or complex" is not persuasive or necessarily accurate. Social Security cases are "highly fact-intensive [inquiries that] require careful review of the administrative record, including complex medical evidence." *See Costa*, 690 F.3d at 1134 n.1 (stating that referring to a Social Security case as "'routine' is a bit of a misnomer as [these] cases are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence"). The fact that the Commissioner and Appeals Council disagreed about whether the ALJ committed reversible error also supports a finding that the issues here were not so simple, and that a haircut is not warranted.

For these reasons, the Court rejects the Commissioner's objections to Plaintiff's requested EAJA fee award. The Court also finds that Plaintiff is entitled to $1,496.18 in fees for spending seven hours preparing her EAJA reply brief and updated itemization. *See Rayborn v. Comm'r of Soc. Sec. Admin.*, No. 3:15-cv-01478-HZ, 2017 WL 626359, at *3-4 (D. Or. Feb. 15, 2017) (awarding $1,150 in fees for preparing a reply in support of a motion for EAJA fees); *cf. Kirkland v. Comm'r Soc. Sec. Admin.*, No. 3:17-cv-01729-SI, 2019 WL 1767882, at *3 (D. Or. Apr. 22, 2019) (declining to "award fees for the time spent in preparing Plaintiff's reply in support of its fee petition because Plaintiff did not succeed on the arguments advanced in the reply brief").

## CONCLUSION

For the reasons stated, the Court GRANTS Plaintiff's motion for EAJA fees (ECF No. 19), and AWARDS Plaintiff EAJA fees in the amount of $8,234.87, as well as $400 in costs. This fee award shall be paid to Plaintiff's attorney, dependent upon verification that Plaintiff has no debt which qualifies for offset against the awarded fees, pursuant to the Treasury Offset Program as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If Plaintiff has no such debt, then the check shall be made out to Plaintiff's attorney and mailed to her office as follows: Katherine L. Eitenmiller, HARDER, WELLS, BARON & MANNING, P.C., 474 Willamette Street, Eugene, Oregon 97401. If Plaintiff has such a debt, the check for any remaining funds after offset of the debt shall be made to Plaintiff and mailed to Plaintiff's attorney's office at the address stated above.

**IT IS SO ORDERED.**

DATED this 15th day of December, 2021.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge